FILED

MAR 14 2005

_____
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SHIRLEY J. STOVER, ) | Civil No. 05-5018 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | (TRIAL BY JURY REQUESTED) |
| LIBERTY CHRYSLER CENTER, L.L.C. ) | |
| ) | |
| Defendant. ) | |

Plaintiff, for her cause of action, states and alleges as follows:

### JURISDICTION AND VENUE

1.  Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345 and 29 U.S.C. § 621. This is an action authorized and instituted pursuant to Title 7 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq.* ("Title 7") and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621.

2.  The unlawful employment practices alleged in this Complaint were committed in Pennington County in the Western Division of the District of South Dakota.

### PARTIES

3.  Plaintiff is a female citizen of the United States of America and is a resident of Pennington County, South Dakota. Plaintiff was employed by Defendant at all times relevant to this Complaint.

4.  Plaintiff alleges that Defendant is a South Dakota Corporation operating a car dealership business in Rapid City, Pennington County, South Dakota.

5. Defendant is an "employer" within the meaning of § 701 (b) of Title 7.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed a charge of discrimination against Defendant with the South Dakota Division of Human Rights as well as the United States Equal Employment Opportunity Commission.

7. Plaintiff has received a Notice of Right to sue from the United States Equal Employment Opportunity Commission dated December 14, 2004.

8. Plaintiff has satisfied all administrative and judicial prerequisites to the initiation of this action.

## GENERAL ALLEGATIONS

9. At all times relevant, Plaintiff was employed as a Finance and Insurance Manager in Defendant's Rapid City, South Dakota Chrysler dealership office.

10. At all times relevant, Plaintiff was supervised by Don Patnoe, one of the owners of Defendant Corporation and the wrongful actions or conduct of Don Patnoe as described herein were at all times carried out on behalf of Defendant.

## COUNT ONE
## DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000 (e)-2

11. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

12. Plaintiff and Defendant are employee and employer, respectively, for the purposes of the definitions set forth in 42 U.S.C. § 2000(e)-2, *et seq*.

13. 42 U.S.C. § 2000(e)-2(a)(1) provides that it is unlawful for an employer " . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals . . . sex . . .".

14.     Defendant fired Plaintiff on or about May 17, 2003, a position for which she was eminently qualified and gave her position to a male who was substantially less qualified, and, had virtually no experience in the area of Plaintiff's work duties.

15.     Defendant's conduct in firing Plaintiff amounted to discrimination as defined and as prohibited by 42 U.S.C. § 2000(e) *et seq.*

16.     After firing Plaintiff, Defendant intentionally interfered with Plaintiff's ability to secure other employment in retaliation for her filing the underlying complaint with the EEOC.

17.     As the direct and proximate result of Defendant's violations of 42 U.S.C. § 2000(e) *et seq.*, Plaintiff has suffered and sustained past, present and a future loss of income, employment benefits, retirement benefits, mental anguish, humiliation, embarrassment, loss of reputation and other pain and suffering. Defendant is further subject to such damages as permitted by law as determined by the trier of fact.

18.     As a direct and proximate result of Defendant's violations as alleged herein, Plaintiff is entitled to recover from Defendant reasonable attorney's fees as provided in § 706(k) of Title 7.

19.     As a direct and proximate result of Defendant's violations as alleged herein, Plaintiff is entitled to damages in an amount to be determined at trial in addition to her costs and disbursements incurred herein.

<u>COUNT TWO</u>
<u>DISCRIMINATION PURSUANT TO 29 U.S.C. § 626(b)</u>

20.     Plaintiff re-alleges paragraphs 1-19 as though fully set forth herein.

21.     ADEA, 29 U.S.C. § 621 *et seq.*, prohibits discrimination on the basis of age in employment.

22. Defendant is an employer within the meaning of the ADEA and engaged in commerce as defined by the ADEA.

23. Defendant wrongfully fired Plaintiff on May 17, 2003 and replaced her with a younger individual with no experience.

24. Plaintiff was 55 years of age at the time Defendant fired her and in said act of termination, Defendant violated the provisions of Section 4(a)(1) of the ADEA (29 U.S.C. § 623 (a)(1).

25. After firing Plaintiff, Defendant intentionally interfered with Plaintiff's ability to secure other employment in retaliation for her filing the underlying complaint with the EEOC.

26. As the direct and proximate result of Defendant's violations of 29 U.S.C. *et seq.*, Plaintiff has suffered and sustained past, present and a future loss of income, employment benefits, retirement benefits, mental anguish, humiliation, embarrassment, loss of reputation and other pain and suffering. Defendant is further subject to such damages as permitted by law as determined by the trier of fact.

27. As a direct and proximate result of Defendant's violations as alleged herein, Plaintiff is entitled to recover from Defendant reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

28. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests trial by jury as to all issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages arising from the past, present and future loss of income, including loss of benefits, loss of career development, loss of future earnings, humiliation, embarrassment, loss of reputation, emotional distress, and pain and suffering and any other damages allowed by law in an amount to be determined by a jury at trial;

2. For an order of the court awarding Plaintiff her back pay, front pay, attorney's fees, costs and disbursements incurred herein as allowed by law; and

3. For such other and further relief as the court seems just and equitable.

Dated this ____ day of March, 2005.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

FINCH BETTMANN MAKS & HOGUE, P.C.

_____
Dennis W. Finch
Attorneys for Plaintiff
304 Main Street Street/PO Box 2934
Rapid City, SD 57709-2934
(605) 348-6547